**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RON RUTLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-2012-DDC-GEB** |
| | ) | |
| **BOARD OF COUNTY COMMISSIONERS** | ) | |
| **OF JOHNSON COUNTY, KANSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**
**MEMORIALIZING RULINGS FROM JANUARY 22, 2021 CONFERENCE**

On January 22, 2021, the Court conducted a motion hearing. Plaintiff Ron Rutledge

appeared through counsel, Dennis Egan, Kenneth Kinney, and Fredrick Deay. Defendant

Board of County Commissioners of Johnson County, Kansas ("County") appeared though

counsel, Jeannie DeVeney. After hearing arguments from counsel, the Court orally

**GRANTED** Plaintiff's Motion to Reopen and Extend Discovery (**ECF No. 40**) and

established a new schedule. This order memorializes the Court's rulings from the

conference.

I.       **Background[1]**

This is an employment action, where Plaintiff brings claims of discrimination and

retaliation under the Americans with Disabilities Act. Plaintiff claims the County subjected

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint
(ECF No. 1), the Answer (ECF No. 4), and the briefing surrounding the pending motion (ECF
Nos. 40, 41, 42). This background information should not be construed as judicial findings or
factual determinations.

him to ongoing discrimination, retaliation, harassment and hostile environment due to his disabilities brought about by a workplace injury. Plaintiff filed this lawsuit on January 6, 2020, and the undersigned entered a Scheduling Order on May 21, 2020. (ECF No. 13.) The only modifications to the original schedule occurred when the parties first sought to extend the mediation deadline, and then to vacate the mediation deadline.  (Orders, ECF Nos. 16, 29.)

To date, the parties have engaged in written discovery (*see* ECF Nos. 9, 17) and Defendant took Plaintiff's deposition on October 14, 2020.  The deposition was postponed three times before it occurred—it was first scheduled for August 31, 2020 (ECF No. 19); then for September 24, 2020 (ECF No. 22); then for October 7, 2020 (ECF No. 26), and finally held on October 14, 2020.  Plaintiff has taken no depositions.

In the original Scheduling Order, discovery was set to close on October 29, 2020 with a pretrial conference set for November 12, 2020. However, no one appeared on Plaintiff's behalf at the November pretrial conference, and defense counsel revealed she had not been able to reach Plaintiff's counsel to confer regarding the proposed pretrial order.[2]  Following the conference, the undersigned stayed all pending deadlines and issued a show cause order. (ECF No. 34.)  The Court later received notice by email from defense counsel that Plaintiff's counsel, Mr. Deay, was hospitalized in serious condition.[3] Armed

---

[2] The November 12, 2020 telephone conference was not recorded; therefore, no transcript exists. The Court's own handwritten notes contain the information regarding Defendant's inability to reach Plaintiff's counsel, and said notes are maintained in the Chambers file of the undersigned Magistrate Judge.

[3] E-mail from Jeannie M. DeVeney to ksd_Birzer_chambers@ksd.uscourts.gov (Nov. 23, 2020) (on file with Chambers).

with that information, the Court postponed all deadlines for 60 days and reset the pretrial conference to January 22, 2021. (Order, ECF No. 36.) Following the filing of Plaintiff's Motion to Reopen and Extend Discovery (ECF No. 40), the Court converted the pretrial conference to a motion conference to hear argument on the request. (ECF No. 43.)

## II.     Plaintiff's Motion to Reopen and Extend Discovery (ECF No. 40)

In Plaintiff's motion and memorandum, he contends when this case was filed, both Mr. Deay and attorney Kirk Holman were co-counsel. (ECF No. 40.)  However, it appears Mr. Holman worked on the case alone until the time he withdrew on October 5, 2020, leaving Mr. Deay as sole counsel for Plaintiff.  Plaintiff Ron Rutledge's deposition was taken on October 14, 2020.  Soon after the deposition, Mr. Deay states he became ill, and he was hospitalized from November 1 through December 5, 2020.  (Deay Declaration, ECF No. 40-1.)  Plaintiff filed his motion to reopen discovery five business days later, on December 11, 2020.

Since counsel's hospitalization, Plaintiff has secured new counsel, Dennis Egan and Kenneth Kinney (in addition to Mr. Deay remaining on the case). (Entries, ECF Nos. 38-39.)  Plaintiff wishes to reopen discovery long enough to take seven depositions—the 30(b) representative for the County and six other County employees, including human resources representatives and other supervisory personnel.  Plaintiff contends he has shown good cause for extension of the scheduling order deadlines and reopening of discovery. Aside from the request to vacate the mediation deadline, Plaintiff argues this is the first request for any significant extension of the original Scheduling Order deadlines.

Plaintiff initially sought to reopen discovery only for the months of December and January, through the first of February.  However, given the briefing which occurred in this matter, it is clear Plaintiff's originally suggested deadlines are not workable.  Plaintiff has no objection to similarly extending the deadline for Defendant to file any dispositive motion, but he believes the depositions are essential to his ability to pursue his case.  He further argues it was not a strategic decision not to take depositions—it was just that discovery efforts were thwarted by unforeseen circumstances.  Finally, Plaintiff contends it is difficult to find any prejudice to Defendant, because in this year of COVID-19 pandemic delays—so many cases have been delayed, and this one would not be an exception.

Although Defendant sympathizes with Mr. Deay's unexpected illness, it argues he did not fall ill until near the discovery deadline.  Until the first of October, Plaintiff had two different law firms representing him, so Defendant contends there is no excuse for Plaintiff's failure to take depositions in a timely manner.  The witnesses Plaintiff now wishes to depose were included in the parties' initial disclosures in May 2020.  Defendant argues "it appears that the only reason Plaintiff has filed the instant Motion is that his new counsel disagrees with the approach his original counsel (and current co-counsel) chose to take.  And, the law is clear Plaintiff cannot reopen discovery simply because new counsel would have taken a different approach." (ECF No. 41 at 2.)  Defendant argues Plaintiff is bound by the actions of her former counsel, including their inexplicable failure to conduct discovery, and Defendant should not be penalized for circumstances outside its control.

(*Id.*[4])  Defendant also argues the Kansas and ABA Rules of Professional Conduct support the idea Mr. Deay had an obligation to represent Plaintiff regardless if the other firm took on the representation earlier, and Mr. Deay didn't become ill until mid-October, nearing the end of discovery.  Even if he had asked to extend discovery prior to the expiration of the deadline, Defendant contends it would have objected.

### A.    Legal Standard

After a deadline has expired, the court may grant an extension of time upon a showing that the failure to act was due to excusable neglect.[5]  Fed. R. Civ. P. 16(b)(4) allows modification of a Scheduling Order "only for good cause and with the judge's consent."  To establish "good cause," the party requesting the extension must establish that the deadline could not have been met with diligence.[6]  The "good cause" standard requires "more than showing 'excusable neglect.'"[7]

> The Tenth Circuit Court of Appeals has recognized the interrelation between "excusable neglect" and "good cause:"  Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance

---

[4] Defendant cites *Bethschieder v. Westar Energy*, 820 Fed. Appx. 749, 752-52 (10th Cir. 2020) in support of its position.

[5] Fed. R. Civ. P. 6(b)(2); D. Kan. Rule 6.1.

[6] *Cole v. Precision Aviation Controls*, No. 19-1295-KHV-KGG, 2020 WL 7353862, at *2 (D. Kan. Dec. 15, 2020) (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also* Advisory Committee Note to 1983 Amendment to Fed. R. Civ. P. 16).

[7] *Auto Club Family Ins. Co. v. Allgood*, 11-2079-GLR, 2011 WL 6122358 (D. Kan. Dec. 8, 2011).

within the time specified' is normally required. The district court is clearly not compelled to accept a lesser 'excusable neglect' showing.[8]

"Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[9]

Whether to reopen discovery is within the "sound discretion" of the trial court."[10] The Tenth Circuit outlines six factors for the court to consider:  1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[11]

### B.    Discussion

At the outset, the Court notes it understands Defendant's overall contention.  It does appear, from a distant vantage point, that Plaintiff's counsel failed to conduct discovery until it was too late.  However—on deeper investigation into the circumstances surrounding this case, it appears a combination of factors worked against the schedule.  As Plaintiff notes, his deposition was originally scheduled for August, but Defendant's counsel had to

---

[8] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (citing *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir.1996) (other citations omitted).

[9] *Pulsecard*, 168 F.R.D. at 301.

[10] *Smith v. US*, 834 F.2d 166, 169 (10th Cir. 1987).

[11] *Id*. *See also Benjamin v. Bd. of Trustees of Barton Cnty. Comm. College*, No. 17-2557-JAR, 2020 WL 4785107 (D. Kan. Aug. 18, 2020) (applying the *Smith* factors and finding "These factors outweigh the negligible prejudice to Plaintiff that may ensue by reopening discovery on a limited basis.")

quarantine, so the deposition was moved one month to the end of September. Then Plaintiff himself was feeling ill, so the deposition was rescheduled again. In this COVID-19 pandemic time—hypersensitivity to illness has created more extensions and the need for more flexibility than ever. Plaintiff says it well: "the conversation that started in July 2020 about the parties taking depositions resulted in the first deposition being taken 15 days before discovery closed. Such has been the routine experience in the COVID-19 world – where remote work, quarantines, extra sensitivity to illness, and more fluid schedules have become the new normal." (Pl.'s Reply, ECF No. 42 at 2.) Additionally, it appears from the parties' motion to extend the mediation deadline they planned to take depositions—plural. (*See* Pl's Reply, ECF No. 42 at 1, and Motion, ECF No. 15.)

To determine whether to reopen discovery, the Court applies the *Smith* factors.[12] Each factor is addressed in turn.

      **1.**    **Whether trial is imminent.** Trial is not imminent, which weighs in favor of reopening discovery. Currently, all deadlines have been stayed. The original deadlines set dispositive motions for December 18, 2020 and a jury trial for September 7, 2021. However, during Mr. Deay's illness and hospitalization, coupled with the pending motion practice, the undersigned stayed all deadlines. (Orders, ECF Nos. 36, 43.) The Court finds it is possible to extend discovery but require discovery (including depositions)

---

[12] *See Benjamin*, 2020 WL 4785107, at *2 (applying the *Smith* factors; citing *Smith*, 834 F.2d at 169).

to be complete in about 60 days.  Doing so would not delay trial for  a significant time period even with counsel's illness and this motion practice.

      **2.**      **Whether the request is opposed.**  Defendant opposes Plaintiff's request; therefore, this factor weighs against reopening discovery.

      **3.**      **Whether Defendant would be prejudiced.**  Although there is no doubt Defendant will be prejudiced in a practical sense by the extension of deadlines, it is difficult for the Court to find Defendant did not expect the depositions of its representatives to occur in this case, particularly when reviewing the language of the earlier motion to extend the mediation deadline and when looking at the parties' initial disclosures.  Additionally, an extension of discovery in this COVID year seems more negligible[13] than undue.  By limiting Plaintiff to a specific discovery period, this reduces the prejudice to Defendant.   Finding minimal prejudice, this factor is outweighed by the others.

      **4.**      **Whether the moving party was diligent in obtaining discovery within the earlier Scheduling Order.**  Defendant argues Plaintiff's counsel simply lacked diligence.  But Plaintiff is convincing in his argument that this was not a diligence issue—this was a combination of factors leading to Plaintiff's delay.  Based on the facts before the Court, it does not appear that Plaintiff's counsel intentionally failed to take depositions or made a strategic choice not to.  This factor is neutral, at worst, to the analysis.

---

[13] *See Benjamin*, 2020 WL 4785107, at *3 (noting other "factors outweigh the negligible prejudice to Plaintiff that may ensue by reopening discovery on a limited basis").

5. **The foreseeability of the need for additional discovery.** Based on the disclosure of these witnesses in the parties' initial disclosures, and Defendant's inability to reach Plaintiff's counsel at the close of discovery (which was later determined to be due to his hospitalization), it was not completely unforeseeable to Defendant that Plaintiff would need additional discovery at the time discovery closed. This factor weighs in favor of reopening discovery.

6. **The likelihood the discovery sought by Plaintiff will lead to relevant evidence.** There seems to be little question the discovery requested by Plaintiff will lead to relevant evidence. Even Defendant concedes the discovery will be relevant, although Defendant argues it would be duplicative. But this is not for Defendant to determine. The individuals for whom depositions are sought were included in both parties' Rule 26 disclosures. Evidently both parties feel the proposed witnesses have information relevant to this case.   This factor weighs in favor of reopening discovery.

In his motion, Plaintiff suggests the Court consider three additional factors not present in the *Smith* case: that serious health conditions lead to discovery not being completed timely, and Plaintiff filed the motion to extend the discovery deadline (the first motion to extend the schedule) just five business days after being released from the hospital. He acted as quickly as could be expected to obtain new co-counsel and address the deficiencies in this case. Plaintiff also asks the Court to consider the prejudice to his case if the discovery is not permitted. He contends Defendant will file a summary judgment motion based on declarations of witnesses which Plaintiff has not had the chance to cross-examine.

Although the Court does not suggest the factors outlined by Plaintiff should be considered in every case, in this case, the Court finds all relevant circumstances worthy of consideration and support reopening discovery.[14]  Plaintiff's considerations, along with the factors considered in *Smith*, weigh in favor of permitting a limited discovery period.

## III.    Conclusion

For the reasons discussed in the January 22, 2021 hearing and as set forth above, in the Court's discretion, Plaintiff's Motion to Reopen and Extend Discovery (**ECF No. 40**) is granted.

All discovery permitted, including the depositions discussed by the parties, must be completed by **April 23, 2021**.  The parties' proposed pretrial order must be emailed in Word format to the chambers of the undersigned at ksd_Birzer_chambers@ksd.uscourts.gov by **May 6, 2021**, and a pretrial conference is set for **May 13, 2021 at 10:00 a.m**. by telephone before the undersigned. Participants must call the **Conference Line at 1-888-363-4749** using **Access Code 9686294**.

All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **May 27, 2021**.  The guidelines for such motions, and all other guidelines, included in the original Scheduling Order (ECF No. 13) continue to govern this action.  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v.*

---

[14] *See, e.g., Auto Club Family Ins. Co. v. Allgood*, No. 11-2079-GLR, 2011 WL 6122358, at *1 (D. Kan. Dec. 8, 2011) (noting "Excusable neglect" is an "elastic concept", which "is not limited strictly to omissions caused by circumstances beyond the control of the movant." The concept is "primarily an equitable one."  Whether neglect will be considered "excusable" is an equitable determination that requires consideration of "all relevant circumstances surrounding the party's omission.") (internal citations omitted).

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial.**

This case is set for trial on the Court's docket beginning on **February 1, 2022 at 9:00 a.m**.   Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.   The trial setting may be changed only by order of the judge presiding over the trial.   The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen and Extend Discovery (**ECF No. 40**) is **GRANTED** as set forth above**.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of January 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge